JS 44 (Rev. 06/17) RBS         **CIVIL COVER SHEET**        19-cv-2618

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARK CROWDER

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BRANDON A SWARTZ, ESQ., SWARTZ CULLETON PC
547 E. WASHINTON AVE, NEWTOWN, PA 18940 215-550-6553

## DEFENDANTS
PENNSYLVANIA DEPARTMENT OF CORRECTIONS

County of Residence of First Listed Defendant   Cumberland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331
Brief description of cause:
FEDERAL QUESTION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** in excess of $150,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 06/05/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE
JUN 14 2019

RBS

19 2618

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _1209 Harrison Street, Philadelphia, PA 19124_

Address of Defendant: _1920 Technology Parkway, Mechanicsburg, PA 18052_

Place of Accident, Incident or Transaction: _SCI - Waymart, 11 Fairview Drive, Waymart, PA 18472_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ✓

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ✓

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ✓

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ✓

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _6/11/2019_    _Attorney-at-Law / Pro Se Plaintiff_    78344   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Brandon A. Swartz_, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _6/11/2019_    _Attorney-at-Law / Pro Se Plaintiff_    78344   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

JUN 14 2019


RBS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

MARK CROWDER  :  CIVIL ACTION
v.  :
PENNSYLVANIA DEPARTMENT OF  :  19 NO.
CORRECTIONS, et al

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

6/11/19                    Brandon A. Swartz, Esquire           Mark Crowder
Date                          Attorney-at-law                   Attorney for Plaintiff

215-550-6553              215-550-6557                         bswartz@swartzculleton.com

Telephone                 FAX Number                           E-Mail Address

(Civ. 660) 10/02


JUN 14 2019



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK CROWDER<br>1209 Harrison Street<br>Philadelphia, PA 19124<br>　　　　　　　　*Plaintiff*<br><br>vs.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS<br>1920 Technology Parkway<br>Mechanicsburg, PA 17050<br><br>　　-and-<br><br>JOHN WETZEL—SECRETARY OF<br>CORRECTIONS<br>C/O Pennsylvania Dept. of Corrections<br>1920 Technology Parkway<br>Mechanicsburg, PA 17050<br><br>　　-and-<br><br>SUPERINTENDENT JACK SOMMERS<br>C/O State Correctional Institution- Waymart<br>11 Fairview Drive<br>Waymart, PA 18472<br><br>　　-and-<br><br>JOHN DOE CORRECTIONS OFFICERS<br>1-10<br>C/O State Correctional Institution- Waymart<br>11 Fairview Drive<br>Waymart, PA 18472<br><br>　　-and-<br><br>JOHN DOE PRISON ADMINISTRATORS<br>1-10<br>C/O State Correctional Institution- Waymart<br>11 Fairview Drive<br>Waymart, PA 18472<br>　　　　　　　　*Defendants* | **CIVIL ACTION**<br><br>No: _____<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.     PARTIES

1. Plaintiff, Mark Crowder, is an adult individual and citizen and resident of the State of Pennsylvania, residing at 1209 Harrison Street, Philadelphia, PA 19124.

2. Defendant, Pennsylvania Department of Corrections, ("PDC") is a duly authorized Commonwealth agency with offices located at the above-captioned address.

3. Defendant, John Wetzel, is an adult individual and, at all relevant times, was the Secretary of Corrections of the Pennsylvania State Correctional system. Plaintiff is asserting claims against Mr. Wetzel in his individual capacity and official capacity as the Pennsylvania Secretary of Corrections, and as an employee, agent, servant, and ostensible agent of the Defendant, Pennsylvania Department of Corrections, acting within the course and scope of his employment and agency under color of state law.

4. Defendant, Superintendent Jack Sommers, is an adult individual and, at all relevant times, was the Superintendent of the State Correctional Institution-Waymart. Plaintiff is asserting claims against Mr. Sommers in his individual capacity and official capacity as Superintendent of State Correctional Institution- Waymart, and as an employee, agent, servant, and ostensible agent of defendants, State Correctional Institution- Waymart, acting within the course and scope of his employment and agency under color of state law. At tall times material hereto, Jack Sommers enjoyed decision making authority with respect to prisoner acceptance and placement at SCI-Waymart.

5. At all times relevant hereto, John Wetzel, Jack Sommers, and John Doe Prison Administrators 1-10 enjoyed decision making authority with respect to State Correctional

Institution- Waymart policy and procedure and enforcement thereof.

6. John Doe Corrections Officers 1-10, are adult individuals employed at SCI-Waymart during the relevant time, and were therefore employees, agents, servants, and ostensible agents of defendant, PDC and/or SCI-Waymart, acting within the course and scope of their employment and agency under color of state law.

## II. JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1331, as the action arises under the Constitution, laws, or treaties of the United States.

8. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

## III. FACTS

9. In September of 2013, Plaintiff, Mark Crowder, was transferred to State Correctional Institution-Waymart after suffering a stroke that rendered him wheel-chair bound and left him without the use of his left arm.

10. SCI-Waymart is a medium security prison that houses inmates suffering from various physical and mental disabilities and medical illnesses.

11. Mark Crowder was forty three (42) years old and suffering from left-sided paralysis, inability to ambulate without assistance and slurred speech which necessitated his transfer to State Correctional Institution- Waymart.

12. Mr. Crowder's medical and psychological history, which included a myriad of serious health issues such as chronic seizures, bi-polar disorder, heart disease, depression and stroke, left him highly susceptible to violence.

13. At all relevant times, Defendants assigned plaintiff to Cell block K-2, Cube 1003, Bed 03, for medical reasons.

14.     Plaintiff was housed in one of five "cubes," essentially a semi-enclosed area separated from the larger prison block by a three foot high "pony wall" without a door.

15.     Each cube had eight to ten inmate beds. Prisoners were free to move about the block and individual cubes without impediment as set forth above.

16.     There was a single corrections officer responsible for monitoring all five cubes at any given time.

17.     At some point after Plaintiff's incarceration at SCI-Waymart, Defendant, PDC, with Defendant Wetzel and Sommers' approval and knowledge, transferred a prisoner named James Chester Robertson from SCI-Frackville, a maximum security prison, to SCI-Waymart, a medium security prison.

18.     Unlike the other inmates at Waymart, Robertson was not suffering from a medical illness.

19.     At the time of James Robertson's assignment to SCI-Waymart, Defendants were aware that Robertson had a history of assaultive behavior outside of prison as well as with respect to other inmates at two prior correctional institutions.

20.     At all relevant times, Plaintiff, Mark Crowder, was forty-six (46) years old, was overweight and was recovering from a severe stroke.

21.     James Chester Robertson's criminal history prior to his transfer to SCI-Waymart consisted of the following:

- 1994-Assualt, burglary, physical harassment
- 1994-Recklessly endangering another person, physical harassment
- 1995-escape, introduction of weapon used to escape
- 2000-attempted-homicide, aggravated assault, robbery

- 2009-robbery-inflict serious bodily injury, aggravated assault, endangering another person

22. While at SCI-Waymart, Robertson was assigned to a cube without restraint approximately forty feet from Plaintiff's bed.

23. Robertson was free to move from one cube to another without impediment.

24. At all relevant times, SCI-Waymart struggled with prisoner drug use, which led to a pattern of prisoner violence.

25. On or about September 15, 2017, inmate Robertson, while high on synthetic drug "K2" threatened Plaintiff while the two inmates were showering.

26. SCI-Waymart John Doe Corrections officers witnessed the foregoing threat.

27. On or about September 22, 2017, Robertson walked unimpeded from this cube over to Plaintiff's cube while Plaintiff was sleeping and, using a padlock tied to the end of an electric extension cord, repeatedly bludgeoned plaintiff's face, fracturing Plaintiff's left eye-socket, left cheek bone, and left jaw bone and lacerating his face, all of which required reconstructive plastic surgery

28. On October 16, 2017, Mark Crowder filed a grievance regarding his assault alleging that the SCI-Waymart staff, including corrections offices and Defendant superintendent, Jack Sommers, were deliberately indifferent to Plaintiff's health and safety, failed to protect plaintiff and failed to have reasonable policies and procedures in place to prevent the harm that Plaintiff suffered. See Exhibit "A" - grievance.

29. On October 19, 2017, corrections superintendent assistant, Joseph Vinansky, performed an "initial review" of Plaintiff's grievance pursuant to Department of Corrections policy DC-ADM 804, which required Vinansky to render one of the following conclusions with

factual support for same: "Uphold inmate [grievance], Grievance denied, Uphold in part/Deny in part."

30. Vinansky concluded that Plaintiff's grievance was "Upheld in part/Denied in part" because Plaintiff's demand for monetary restitution "could not be addressed at this level." See Exhibit "B"- Initial review response.

31. Stated another way, the prison's Grievance Officer, Vinansky, upheld Plaintiff's allegations regarding the prison's failure to protect him, but denied Plaintiff's request for monetary compensation.

32. As a result of his violent attack of Plaintiff, James Chester Robertson was charged with two counts of aggravated assault and recklessly endangering another person.

33. Upon information and belief, Robertson was found guilty of the above crimes.

34. Defendants, Jack Sommers, John Wetzel and John Does 1-20, knew or should have known that Robertson was likely to physically assault Mark Crowder by virtue of Robertson's violent history, initial screening, prior instances of prison violence and Robertson's prior threatening behavior directed towards Mark Crowder.

35. Defendants, Jack Sommers, John Wetzel and John Does 1-20, knew or should have known that Robertson was likely to physically assault Mark Crowder by virtue of their physical presence in, and continuous monitoring of, cell block K-2 .

36. Defendants, PDC, Wetzel and Sommers, failed to effectively train Defendants, John Does 1-20, to ascertain and identify potentially violent inmates and protect those inmates likely to be victims of violent inmate attacks.

37. Defendant PDC, by and through Wetzel and Sommers, and per policy and custom, intentionally placed Robertson in a low security prison without individual cells or other

barriers to prevent Robertson from attacking inmates such as Mark Crowder. At times material hereto, Defendants realized the likelihood of victimization yet took no steps to prevent it.

38. Defendant, PDC, by and through Wetzel and Sommers, failed to screen Mark Crowder for potential victimization upon entering State Correctional Institution- Waymart and did not have a policy in place to protect likely victims of attack.

39. The acts and omissions of PDC, Sommers, Wetzel and John Does 1-20, carried out under color of state law, constitute a substantive due process violation, and cruel and unusual punishment in violation of Eighth and Fourteenth Amendments of the United States Constitution.

40. The acts and omissions of Sommers and John Does 1-20 were carried out pursuant to PDC and Wetzel's policy, training, and customs, all of which amount to a deliberate indifference to a pattern and practice of allowing, and at times assisting, physical abuse to occur, in direct violation of inmates' rights under the United States Constitution.

41. The acts and omissions as set forth above of John Does 1-20 and Sommers are part of a series and pattern of such acts and omissions relative to failure to protect inmates from attack and physical assault, and are reflective of PDC's policy, training, and custom, all of which amount to a deliberate indifference to the constitutional rights of prison inmates.

42. It is believed based upon continuing investigation, and therefore averred, that the Plaintiff in this action is one of several SCI-Waymart inmates in recent years to be physically assaulted or otherwise attacked by virtue of Defendants' deliberate indifference to prisoners' likely victimization due to age, mental health, cellmates, and physical attributes.

43. Plaintiff's injuries were caused by Defendants' above mentioned policy, and John Does' 1-20 direct violation of plaintiff's constitutional rights, and were due in no part by any conduct on the part of Plaintiff, Mark Crowder.

## COUNT I
## MARK CROWDER V. PENNSYLVANIA DEPARTMENT OF CORRECTIONS
## MONELL CLAIM ARISING FROM VIOLATION OF THE EIGHTH AND
## FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Defendants, John Does' 1-20 and Superintendent Jack Sommers's failure to protect, and by extension, facilitate Plaintiff's physical assault was deliberately indifferent and unreasonable, and was as a direct result of State Correctional Institution- Waymart's custom, policy, training and practice, as mandated by PDC, including, but not limited to, Defendants' knowing and intentional disregard of James Chester Robertson's history of violence and Plaintiff's age and physical condition.

43. The custom, practice, training and policy of State Correctional Institution-Waymart, as mandated, implemented and supervised by PDC, directly caused their employees, agents and officers' deliberate indifference to Plaintiff's risk of harm and James Chester Robertson's physical abuse of Mark Crowder.

44. The custom, practice, training and policy of State Correctional Institution-Waymart, as mandated, implemented and supervised by PDC, was necessarily created and perpetuated under color of state law under their authority.

45. As a direct result of Defendants' custom, practice, training and policy, Mark Crowder sustained grievous bodily and mental harm, and therefore was deprived of his right to be free from cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

46. As the direct and proximate result of custom, practice and policy and the aforesaid

unlawful and deliberate indifference exhibited by corrections officers and prison officials, Plaintiff suffered severe and permanent mental and physical injuries, including, but not limited to, a shattered left eye-socket resulting in a loss of vision in the left eye, shattered left cheek-bone, shattered left jaw-bone, severe facial laceration which required sutures, all of which required reconstructive facial surgery and resulted in permanent loss of feeling in the left side of the face, and severe right forearm lacerations which required sutures, as well as anxiety, depression, mental anguish.

WHEREFORE, Plaintiff, Mark Crowder demands punitive and compensatory damages against the Defendant, Pennsylvania Department of Corrections, in an amount in excess of One Hundred Thousand Fifty Dollars ($150,000.00) plus costs, interest, and delay damages on each count, together with such punitive and exemplary damages and legal fees as the court shall allow.

**COUNT II**
**MARK CROWDER V. SUPERINTENDENT JACK SOMMERS AND JOHN WETZEL**
**VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. SECTION 1983**

47. Plaintiff incorporates by reference all proceeding paragraphs.

48. Defendants, Superintendent Jack Sommers and John Wetzel, knowingly and intentionally transferred a violent inmate to a medium security prison and placed said violent inmate in open area among other inmates without any restriction whatsoever.

49. Defendants' above actions amounted to deliberate indifference to Plaintiff's obvious risk of harm and was in clear violation of Plaintiff's rights under the fourteenth and eighth amendment of the United States Constitution and federal law, and was wanton, sadistic

and reckless.

50. As the direct and proximate result of the Defendants' actions and omissions as described herein, committed under color of state law and PDC authority, Mark Crowder sustained grievous bodily harm due to Defendants' above named deliberate indifference to Mark Crowder's risk of harm, in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

51. As the direct and proximate result of the Defendants' aforesaid unlawful and deliberate indifference to Mark Crowder's risk of physical abuse, Mark Crowder suffered severe and permanent injuries and damages including, but not limited to, a shattered left eye-socket resulting in a loss of vision in the left eye, shattered left cheek-bone, shattered left jaw-bone, severe facial laceration which required sutures, all of which required reconstructive facial surgery and resulted in permanent loss of feeling in the left side of the face, and severe right forearm lacerations which required sutures, as well as anxiety, depression, mental anguish.

WHEREFORE, Plaintiff, Mark Crowder demands punitive and compensatory damages against the Defendants, John Wetzel and Jack Sommers, in an amount in excess of One Hundred Thousand Fifty Dollars ($150,000.00) plus costs, interest, and delay damages on each count, together with such punitive and exemplary damages and legal fees as the court shall allow.

**COUNT III**
**MARK CROWDER V. JOHN DOES 1-20**
**VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. SECTION 1983**

52. Plaintiff incorporates by reference all proceeding paragraphs.

53. Defendants, John Does 1-20's, acts and omissions amount to deliberate indifference to Mark Crowder's risk of harm, and was wanton, sadistic and reckless.

54. Defendants' deliberate indifference to Plaintiff's risk of harm is in clear violation of Plaintiff's rights under the fourteenth and eighth amendment of the United States Constitution and federal law.

55. As the direct and proximate result of the Defendants' actions and omissions as described herein, committed under color of state law under authority as State Correctional Institution- Waymart Officers and administrators, Mark Crowder sustained grievous bodily harm due to the Officers' deliberate indifference to Mark Crowder's risk of harm, in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

56. As the direct and proximate result of the Defendants' aforesaid unlawful and deliberate indifference to Mark Crowder's risk of physical abuse, Mark Crowder suffered severe and permanent injuries and damages including, but not limited to, a shattered left eye-socket resulting in a loss of vision in the left eye, shattered left cheek-bone, shattered left jaw-bone, severe facial laceration which required sutures, all of which required reconstructive facial surgery and resulted in permanent loss of feeling in the left side of the face, and severe right forearm lacerations which required sutures, as well as anxiety, depression, mental anguish.

WHEREFORE, Plaintiff, Mark Crowder demands punitive and compensatory damages against the Defendants John Does 1-20, in an amount in excess of One Hundred Thousand Fifty Dollars ($150,000.00) plus costs, interest, and delay damages on each count, together with such punitive and exemplary damages and legal fees as the court shall allow.

## COUNT IV
## MARK CROWDER V. ALL DEFENDANTS
## VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983 - STATE CREATED DANGER

57. Plaintiff incorporates by reference all preceding paragraphs.

58. At all relevant times, Defendants had a duty to take reasonable measures to guarantee Mark Crowder's safety.

59. At all relevant times, Defendants had the authority to protect Plaintiff, and were aware, or should have been aware, that a substantial risk of harm to Mark Crowder existed while an inmate at State Correctional Institution- Waymart based upon the facts identified above.

60. The aforementioned conduct of Defendants, acting under color of state law, was reckless and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Mark Crowder, and was committed in conscious and willful disregard for the substantial and/or unjustifiable risk of causing harm to inmates, including to Mark Crowder, and was so egregious as to shock the conscious.

61. The aforementioned conduct of Defendants, acting under color of state law, created a danger which otherwise would not exist but for their conscious disregard of pertinent information at their disposal which resulted in the aforementioned severe and physical and emotional harm.

62. At all relevant times, Defendants had a policy and practice which created an unreasonable risk of harm and /or injury, and were aware that said unreasonable risk was created.

63. The severe physical and emotional harm caused to Mark Crowder was foreseeable and fairly direct to Defendants, as well as the result of Defendants' aforesaid policy or practice. The aforementioned conduct of Defendants, acting under color of state law, created an opportunity for danger which otherwise would not have existed.

64. The aforementioned conduct of Defendants, acting under color of state law, constitutes a breach of Defendants' duty and was in deliberate indifference to the danger and/or substantial risk of harm facing Mark Crowder so as to shock the conscience.

65. At all times relevant hereto, Defendants were aware of and recklessly and deliberately indifferent to the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, investigations and/or discipline relating to: placement of inmates; proper screening or handling of inmates; use of restricted housing; inmate orientation; officer supervision and review; inmate monitoring; risk assessment, and maintained a custom, policy/practice of failing to discipline and/or encouraging the aforesaid unnecessary, negligent, irresponsible, indifferent, vindictive and violent behavior.

66. Defendants' failure to properly train their employees, agents, representatives, including Superintendent Jack Sommers and John Does 1-20, and other correctional officers, employees, and agents who interacted with Mark Crowder, whose training and disciplinary history is known only to Defendants, after reasonable investigation and in the absence of any discovery, amounted to cruel and unusual punishment under the 8th Amendment to the United States Constitution and deliberate indifference under the fourteenth amendment.

67. The aforementioned conduct of all Defendants, acting under color of state law, violated Mark Crowder's constitutional rights to be free from cruel and unusual punishment, right to bodily integrity, right to safety, and to substantive and procedural due process, as guaranteed by the eighth and fourteenth amendments to the united states constitution, and as remediable pursuant to 42 U.S.C. §1983.

68. The conduct of all Defendants as set forth above was the moving force behind the violation of and/or caused the violation of Mark Crowder's civil rights as set forth above.

69. As a direct and proximate result of Defendants' violations of Mark Crowder's civil rights, he was caused to suffer grievous physical and emotional injuries and losses as set forth above and herein.

WHEREFORE, Plaintiff, Mark Crowder, demands punitive and compensatory damages against the Defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus costs, interest, and delay damages on each count, together with such punitive and exemplary damages and legal fees as the court shall allow.

Respectfully Submitted,

Brandon A. Swartz, Esquire
Joseph P. Guzzardo, Esquire
Swartz Culleton PC
547 E. Washington Avenue
Newtown, PA  18940
215-550-6553
215 550 6557 (Fax)
*Attorneys for Plaintiff*
Mark Crowder

Dated: June 11, 2019