UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK CROWDER, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-cv-01815 |
| v. | (SAPORITO, M.J.) |
| JOHN WETZEL, et al., | |
| Defendants. | |

## MEMORANDUM

This is a federal civil rights action, initiated by the filing of a fee-paid complaint on June 14, 2019, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1.). On October 10, 2019, the case was transferred to this this Court. The plaintiff, Mark Crowder, is a prisoner incarcerated at SCI Waymart, a state correctional institution located in Wayne County, Pennsylvania. Crowder filed an amended complaint on October 16, 2019. (Doc. 7.)

I.   STATEMENT OF FACTS

In his amended complaint, Crowder has asserted an Eighth Amendment deliberate indifference claim (Count I) and a Fourteenth Amendment substantive due process state-created danger claim (Count III) against defendant, John Wetzel, Secretary of Corrections for the

1

Commonwealth of Pennsylvania, and Jack Sommers, Superintendent of SCI Waymart, arising out of a September 22, 2017, assault of Crowder by another inmate while Crowder was an inmate at SCI Waymart.[1] He seeks to hold the defendants liable for an assault by James Chester Robertson, an inmate with a violent criminal history who was transferred from SCI Frackville, a maximum-security prison, to SCI Waymart, a medium security prison used for medical and psychological rehabilitation. For relief, the plaintiff seeks an award of compensatory and punitive damages.

Defendants Wetzel and Sommers have moved for dismissal of all claims against them for failure to state a claim upon which relief can be granted. (Doc. 20.) Specifically, Wetzel and Sommers contend that the amended complaint fails to allege their personal involvement in the alleged incident giving rise to this action. This motion is fully briefed and ripe for disposition. (*See* Doc. 21; Doc. 24; Doc. 25.)

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a

---

[1] In addition, Crowder asserts similar claims against unidentified "John Doe" correctional officer defendants.

defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed.

App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

### III. DISCUSSION

Crowder has brought this federal civil rights action under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, the plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible

for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Crowder claims that defendants Wetzel and Sommers were deliberately indifferent to his safety in that they failed to take appropriate measures to prevent an assault that occurred on or about July 9, 2017.

The Eighth Amendment imposes "a duty upon prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)) (internal quotation marks omitted). That said, "a prison custodian is not the guarantor of a prisoner's safety." *Freedman v. City of Allentown*, 853 F.2d 1111, 1115 (3d Cir. 1988). To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer*, 511 U.S. at 834. To be deliberately indifferent, a prison official must both "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. This standard is subjective, not objective, "meaning that the official must

actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001). Negligence is insufficient to support a claim that a prison official failed to protect the inmate. *Williams v. Wetzel*, 827 Fed. App'x 158, 160 (3d Cir. 2020).

The Third Circuit has elaborated on the deliberate indifference standard in the context of suits against guards for failure to protect an inmate from harm caused by other inmates, stating that "a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate." *Young v. Quinlan*, 960 F.2d 351, 361 (3d Cir. 1992). The term "should have known" is a term of art, which

> [d]oes not refer to a failure to note a risk that would be perceived with the use of ordinary prudence. It connotes something more than a negligent failure to appreciate the risk . . . , though something less than subjective appreciation of that risk. The "strong likelihood" of [harm] must be "so obvious that a lay person would easily recognize the necessity for" preventative action. [T]he risk of . . . injury must be not only great, but also sufficiently apparent that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges.

*Id.* (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1025 (3d Cir.

1991) (citation omitted, alterations in original)).

We further note that "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, Crowder alleges that in September 2013, he was transferred to SCI Waymart after suffering a stroke that left him wheelchair bound and without the use of his left arm. (Doc. 7 ¶10.) He alleges that he also suffered from a variety of medical and psychological maladies which left him highly susceptible to violence. (*Id.* ¶13.) At the time of the assault, Crowder was housed in one of five "cubes"--a semi-enclosed area separated from the larger prison block by a three-foot-high wall but

without a cell door or other means to prevent violent inmates from accessing the cube. (*Id.* ¶15.) He was housed there for medical reasons. (*Id.* ¶14.)

After Crowder's incarceration, the amended complaint alleges that the Pennsylvania Department of Corrections, with the knowledge and consent of defendants Wetzel and Sommers, approved the transfer of a prisoner named James Chester Robertson from SCI Frackville, a maximum-security prison, to SCI Waymart. (*Id.* ¶19.) The defendants allegedly were aware that Robertson had a history of assaultive behavior outside of prison, as well as with other inmates at two other correctional facilities. (*Id.* ¶21.) Robertson's criminal history consisted of assault, burglary, physical harassment, recklessly endangering another person, escape, introduction of weapon used to escape, attempted homicide, aggravated assault, and robbery. (*Id.* ¶23.) Robertson was assigned to a cube without restraint approximately forty feet from Crowder's bed. (*Id.* ¶24.) A few days before the assault, on September 15, 2017, Robertson was high on a synthetic drug known as "K2" and threatened Crowder while both were showering, which was witnessed by John Doe defendant correctional officers. (*Id.* ¶¶27-28).

On September 22, 2017, Robertson walked unimpeded from his cube to Crowder's cube while Crowder was sleeping and struck him in the face with a padlock tied to the end of an electrical extension cord, fracturing Crowder's left eye-socket, left cheek bone, and left jaw bone, and lacerating Crowder's face, requiring reconstructive surgery. (*Id.* ¶29.)

Crowder has further alleged that: (1) Wetzel and Sommers knew or should have known that Robertson was likely to assault Crowder because of his history of violence, his initial screening evaluation, his prior instances of prison violence, and the specific threats Robertson had directed towards Crowder (*id.* ¶37); (2) Wetzel and Sommers failed to effectively train John Doe defendants 1-20 to ascertain and identify potentially violent inmates and to protect those inmates likely to be victims of violent attacks (*id.* ¶39); (3) Wetzel and Sommers intentionally placed Robertson in a lower security prison without individual cells or other barriers to prevent Robertson from attacking inmates such as Crowder (*id.* ¶40); (4) Sommers knew or should have known that Robertson was likely to physically assault Crowder because of his physical presence in and continuous monitoring of cell block K-2 (*id.* ¶38);

and (5) Wetzel and Sommers failed to screen Crowder for potential victimization upon entering SCI-Waymart and did not maintain a policy to protect likely victims of attack (*id.* ¶41).

These factual allegations go well beyond those of a *respondeat superior* claim. The plaintiff has plausibly alleged personal involvement by defendants Wetzel and Sommers. Whether the evidence adduced through discovery will bear this out remains to be seen. But we find that Crowder has alleged sufficient personal involvement by Wetzel and Sommers to survive their motion to dismiss. Accordingly, the motion will be denied.

An appropriate order follows.

Dated: March 12, 2021

                                                 JOSEPH F. SAPORITO, JR.
                                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK CROWDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN WETZEL, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:19-cv-01815<br><br>(SAPORITO, M.J.) |

## ORDER

**AND NOW**, this 12th day of March, 2021, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss (Doc. 20) by the defendants John Wetzel and Jack Sommers is **DENIED**;

2. The defendants shall answer the amended complaint within fourteen (14) days after entry of this Order.

　　　　　　　　　　　　　　　　　*/s/ Joseph F. Saporito, Jr.*
　　　　　　　　　　　　　　　　　JOSEPH F. SAPORITO, JR.
　　　　　　　　　　　　　　　　　United States Magistrate Judge

Dated: March 12, 2021