UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK CROWDER,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN WETZEL, Secretary of Corrections, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 3:19-cv-01815<br><br>(SAPORITO, M.J.) |

## MEMORANDUM

Now before the court is motion *in limine* by the plaintiff, Mark Crowder, seeking a ruling that an initial grievance response by a nonparty prison official is admissible at trial. (Doc. 120.)

This is a federal civil rights action for damages, brought by a medically vulnerable convicted state prisoner against a correctional officer, defendant O'Hara, under 42 U.S.C. § 1983. On September 22, 2017, while he slept, Crowder was attacked by another prisoner who struck him several times with a padlock attached to a television cord. At the time, O'Hara was at a desk just a few feet away from Crowder's bed. Crowder claims that O'Hara failed to take reasonable measures to protect Crowder from the attack, in violation of his Eighth Amendment rights.

As previously addressed in our memorandum opinion denying O'Hara's request for summary judgment, there is conflicting evidence as to the actions taken by O'Hara during the attack. O'Hara contends that he took immediate steps to intervene to protect Crowder, interposing himself between attacker and victim, and pushing the attacker out of the "cube" where Crowder's bed was located. Meanwhile, Crowder claims that it was another inmate who actually intervened and pushed his assailant out of the cube, and that O'Hara did not turn up until after the attack was done and other correctional officers had responded. *See generally Crowder v. Wetzel*, Civil Action No. 3:19-cv-01815, 2022 WL 4647369, at *8 (M.D. Pa. Sept. 30, 2022), Doc. 86. The matter is now before us on the eve of trial, where a jury will be charged with resolving this factual dispute and ultimately deciding whether O'Hara had a "realistic and reasonable opportunity to intervene" to protect Crowder but refused to do so. *See id.* (citing *Bistrian v. Levi*, 696 F.3d 352, 371–72 (3d Cir. 2012), and *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002)).

After the incident giving rise to this § 1983 claim against O'Hara, Crowder filed an inmate grievance, complaining about the failure by various prison officials to protect him from violence at the hands of

another inmate. A grievance officer, nonparty superintendent's assistant Joseph Vinansky, was assigned to investigate and respond to Crowder's grievance. On October 19, 2017, Vinansky filed an initial review response, which the plaintiff contends "upheld in part" Crowder's grievance.[1] The plaintiff now moves *in limine* for an order ruling that Vinansky's initial review response is admissible into evidence at trial.

The grievance response at issue clearly falls within the business records exception to the rule against hearsay, and possibly the public records exception as well. *See* Fed. R. Evid. 803(6); Fed. R. Evid. 803(8); *Stone v. Morris*, 546 F.2d 730, 737–38 (7th Cir. 1976); *Heard v. Shicker*, Case No. 14-cv-1027-JBM, 2018 WL 11272881, at *3 (C.D. Ill. Apr. 23, 2018); *Simon v. Henning*, No. ED CV 13-2281-RGK(E), 2017 WL 10560613, at *7 (C.D. Cal. Sept. 1, 2017); *Vensor v. Cent. Ariz. Corr. Facility*, No. CV-12-01780-PHX-SPL (JFM), 2014 WL 3516625, at *7 n.6

---

[1] To be frank, it is not clear that this characterization is correct. On its face, the initial review response stated ambiguously that it was Vinansky's decision to "uphold, deny or uphold in part/deny in part" Crowder's initial grievance. Vinansky wrote that Crowder's request for monetary compensation could not be addressed at the facility level, and he informed Crowder that he was forwarding the grievance to the office of chief counsel for the state department of corrections. Assuming Vinansky does not personally testify at trial, the appropriate interpretation of his response is a matter for the jury to determine.

(D. Ariz. July 16, 2014), *aff'd in part, rev'd in part on other grounds*, 657 Fed. App'x 695 (9th Cir. 2016); *Rodriguez v. Gomez*, 1999 WL 183622, at *5 (N.D. Cal. Mar. 31, 1999). Conclusions and opinions contained in otherwise admissible investigatory reports are themselves admissible. *See Beech Aircraft Corp. v. Beech Aerospace Servs., Inc.*, 488 U.S. 153, 169 (1988); *Melville v. Am. Home Assurance Co.*, 584 F.2d 1306, 1315–16 (3d Cir. 1978); *Evans v. Williams*, 238 F.R.D. 1, 2 (D.D.C. 2006); *see also Morgan-Hicks v. N.J. Dep't of Corr.*, 2020 WL 1983705, at *8 (D.N.J. Apr. 24, 2020) ("The public record exception in FRE 803(8) is analogous to the business records exception [in FRE 803(6)].").

Accordingly, the plaintiff's motion will be granted.

An appropriate order follows.

Dated: March 12, 2023                           *s/Joseph F. Saporito, Jr.*
                                                JOSEPH F. SAPORITO, JR.
                                                United States Magistrate Judge