UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK CROWDER,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN WETZEL, Secretary of Corrections, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:19-cv-01815<br><br>(SAPORITO, M.J.) |

## MEMORANDUM

    This is a fee-paid federal civil rights action, brought by an incarcerated plaintiff, Mark Crowder, appearing through counsel. The plaintiff has sought to hold several state correctional officials liable under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment substantive due process rights. The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 73.1.

    Crowder is a medically vulnerable convicted state prisoner. In September 2017, he was incarcerated at SCI Waymart, a state prison located in Wayne County, Pennsylvania, where he was housed in a

dormitory-style unit.

On the night of September 22, 2017, while he slept, Crowder was attacked by another inmate. His assailant struck him multiple times with a padlock connected to a length of electrical cord. A correctional officer was present but failed to intervene before Crowder was struck. Crowder suffered serious injuries as a result.

The plaintiff's three-count complaint asserted federal civil rights claims against seven individual defendants. In Count I, Crowder claimed that five of these defendants—Sommers, Houser, Rivello, Nicklow, and Wetzel—were deliberately indifferent to a substantial risk of serious harm to Crowder, based on the transfer of his assailant to SCI Waymart, in violation of his Eighth Amendment rights. In Count II, Crowder claimed that two other defendants—O'Hara and Hedrick—were deliberately indifferent to a substantial risk of serious harm to Crowder, based on their failure to intervene or to protect him from being assaulted, in violation of his Eighth Amendment rights. In Count III, Crowder asserted a "state created danger" claim against all of the defendants, alleging that they created or enhanced a danger that deprived him of his Fourteenth Amendment substantive due process rights.

On September 30, 2022, we entered a memorandum and order granting summary judgment in favor of the defendants with respect to Counts I and III, and in favor of defendant Headrick with respect to Count II. On March 17, 2023, the plaintiff's lone surviving § 1983 claim against O'Hara was tried before a jury, which returned a defense verdict on Count II.

Now, Crowder has moved for a new trial, pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, with respect to Count I only—he does not seek a new trial with respect to Count II, the only claim actually presented to the jury at trial. He argues that a new trial with respect to Count I is justified by the court's failure to consider on summary judgment a particular inmate grievance response, which was later admitted into evidence in the jury trial with respect to Crowder's claim against O'Hara. He contends that, properly considered, this grievance response would have established a genuine dispute of material fact, which in turn would have compelled the court to deny summary judgment and permit Count I to proceed to trial as well.

But Rule 59(a) is not the proper vehicle to challenge our pretrial summary judgment ruling. *See Merrill v. Cnty. Of Madera*, 389 Fed.

App'x 613, 615 (9th Cir. 2010) ("[A] Rule 59(a) motion for new trial is not available on claims or causes of action for which Plaintiffs never received a trial."); *accord Ollie's Bargain Outlet, Inc. v. New England Bus. Exch. Inc.*, No. CV-03-1819, 2005 WL 8168344, at *1 (M.D. Pa. June 14, 2005). The March 2023 jury trial was limited to the plaintiff's claims against O'Hara, asserted in Count II of the complaint. Even if we were to grant the plaintiff a new trial, the complained-of pretrial summary judgment ruling with respect to Count I would still stand. *See Dean v. Specialized Sec. Response*, 876 F. Supp. 2d 549, 559 (W.D. Pa. 2012); *see also Wilson v. Jean*, No. 15-1793, 2016 WL 398186, at *8 & n.64 (E.D. Pa. Feb. 1, 2016).

The proper mechanism for challenging a pretrial summary judgment ruling after entry of final judgment is not a motion for a new trial, but a motion to amend or alter judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] *See Browne v. Signal Mountain*

---

[1] Prior to entry of final judgment, our pretrial summary judgment ruling was an interlocutory order, subject to reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule 7.10. *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016); *Nittany Outdoor Advertising, LLC v. Coll. Twp.*, 179 F. Supp. 3d 436, 439 (M.D. Pa. 2016); *see also* M.D. Pa. L.R. 7.10 ("Any motion for
*(continued on next page)*

*Nurser, L.P.*, 286 F. Supp. 2d 904, 918 n.8 (E.D. Tenn. 2003). But even if construed as a motion under Rule 59(e), the plaintiff has failed to satisfy the applicable standard.

Typically, the scope of a Rule 59(e) motion to alter or amend final judgment "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between

---

reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned."). Based on Rule 7.10, the defendants argue that the motion is untimely filed. But, by its terms, Rule 7.10 does not apply to Rule 59(e) motions. *See* M.D. Pa. L.R. 7.10 ("This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ. P. 59.").

the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 361 (M.D. Pa. 2015). "Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Here, there has been no intervening change in the law, the plaintiff has proffered no new evidence, and we find no clear error of law or fact.

The plaintiff's only argument for reconsidering our summary judgment ruling on Count I is that our summary judgment opinion failed to discuss a particular inmate grievance response, which the plaintiff argues should have established a genuine dispute of material fact necessitating a trial on Count I. Setting aside the plaintiff's strained interpretation of this document for the moment,[2] we note that the document at issue was not cited by either party in support of or opposition

---

[2] *See Crowder v. Wetzel*, No. 19-cv-01815, 2023 WL 2478552, at *1 n.1 (M.D. Pa. Mar. 12, 2023) ("To be frank, it is not clear that this characterization is correct."), Doc. 124.

to summary judgment. *See* Def.'s Statement of Undisputed Material Facts & Exs. A–G, Doc. 61; Pl.'s Am. Counterstatement of Facts, Doc. 72; Pl.'s Ex. H, Doc. 77; Pl.'s Ex. I, Doc. 78; Pl.'s Ex. J, Doc. 79. It is well established that, on summary judgment, "[t]he court need consider only the cited materials." Fed. R. Civ. P. 56(c)(3). The plaintiff points to an oblique reference to the grievance response in his summary judgment opposition brief, noting that a grievance was filed *after* the assault and a non-party grievance officer purportedly opined that Crowder's grievance had merit.[3] *See* Pl.'s Summ. J. Opp'n Br. 12, Doc. 71, at 15. But it is axiomatic that "statements made by counsel in their briefs are not evidence." *United States v. Howard*, 360 F.2d 373, 376 n.4 (3d Cir. 1966); *see also Florida v. Georgia*, 138 S. Ct. 2502, 2545 (2018) (Thomas, J., dissenting) ("Of course, statements in briefs are not evidence.").

Regardless, even if we were to consider this uncited document, neither the post-assault grievance nor the perfunctory staff response is sufficient to establish a genuine dispute of material fact with respect to the dispositive issue on summary judgment. To constitute deliberate indifference, prison officials must have knowledge of tensions or threats

---

[3] *See supra* note 2.

between *specific* inmates; knowledge of an inmate's *generalized* history of violence is insufficient. The grievance and response contain no evidence to suggest any such particularized knowledge here.

Accordingly, the plaintiff's Rule 59(a) motion for a new trial will be denied.

An appropriate order follows.

Dated: January 18, 2024         *s/Joseph F. Saporito, Jr.*
                                JOSEPH F. SAPORITO, JR.
                                United States Magistrate Judge